IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-150-BO

| | |
|---|---|
| KRISTINA A. McKINNEY,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20, 24]. A hearing on this matter was held in Raleigh, North Carolina, on May 21, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff applied for a period of disability and Title II disability insurance benefits on October 22, 2008, with an alleged onset date of September 11, 2008. [Tr. 66, 232–36]. Her date last insured was December 31, 2013. [Tr. 11]. Plaintiff's applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a video hearing on November 10, 2010. The ALJ rendered an unfavorable decision and the Appeals Council denied Ms. McKinney's request for review, rendering the ALJ's decision the final decision of the Commissioner on July 25, 2014. Ms. McKinney now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

In subsequent applications filed on May 14, and June 10, 2011, plaintiff was found disabled as of December 29, 2011. [Tr. 11].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 13]. Ms. McKinney's lumbar degenerative disc disease with radiculopathy, depressive disorder, anxiety disorder, and migraine headaches qualified as severe impairments at step two but were not found

2

to meet or equal a listing at step three. [Tr. 14]. The ALJ then found that Ms. McKinney had the residual functional capacity (RFC) to perform a reduced range of light work, limited to sitting, standing, and walking for six hours in an eight hour workday, frequent but not constant bending, squatting, stooping, and climbing, and the option to change positions at least once an hour. [Tr. 15]. The ALJ also limited Ms. McKinney to simple, routine, repetitive tasks in a stable work environment in a low stress, nonproduction job, with no more than occasional contact with the public, coworkers, or supervisors. [*Id.*]. Though the ALJ found at step four that plaintiff could no longer perform her past relevant work as a nurse, the ALJ relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that plaintiff could perform, including router, photocopy machine operator, and inserting machine operator. [Tr. 23–24]. Accordingly, the ALJ concluded that Ms. McKinney was not disabled. [Tr. 25].

Despite the fact that the ALJ noted that plaintiff's degenerative disc disease of the cervical and lumbar spine constituted a severe impairment, the ALJ did not thoroughly compare the criteria of disability Listing 1.04A to the facts of the case at step three. The ALJ merely mentioned Listing 1.04A, noting without further analysis that "the record does not indicate the claimant's spinal impairment resulted in compromise of a nerve root or the spinal cord with accompanying symptoms required by Medical Listing 104 during the relevant period." [Tr. 14]. Disability Listing 1.04A is met when the claimant suffers from a spinal disorder resulting in compression of the spinal cord or a nerve root characterized by, *inter alia*, neo-anatomical distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and, if there is involvement of the lower back, a positive straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 1.04A.

3

The facts of the case clearly demonstrate that plaintiff met Listing 1.04A. Plaintiff underwent a laminectomy and disc excision procedure in April 2004. [Tr. 447–56]. She underwent a lumbar laminectomy in May 2005. [Tr. 501–07]. She underwent a laminectomy, foraminotomy, and excision of recurrent disc and decompression of nerve roots in August 2006. [Tr. 480 –88]. Then, in November 2008, plaintiff underwent a laminectomy, bilateral foraminotomies, a discectomy, spinal fusion, and screw instrumentation with left hip and local bone autografts. [Tr. 372–80]. Despite these numerous surgeries, the record is replete with plaintiff's complaints of pain [Tr. 708–710, 750–50, 771–79, 796–803, 965–990, 996, 1323–35, 1338–47], and treatment notes indicating decreased range of motion, muscle spasms, tenderness, and positive bilateral straight leg raise tests. [Tr. 579, 724–25, 758–61, 934–45, 965–90]. Plaintiff's complaints are corroborated by subsequent radiographs. X-rays in December 2008 and May 2009, after plaintiff's last surgery, revealed scoliosis and degenerative disc disease. [Tr. 718, 740–50]. The ALJ's cursory dismissal of the listing is not supported by the record whatsoever, as it is abundantly clear that plaintiff meets the criteria for Listing 1.04A. As such, this Court finds that the ALJ's decision was not supported by substantial evidence and must be reversed.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 19870; *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). As plaintiff has demonstrated that she meets Listing 1.04A, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby reversed and this matter is remanded for an award of benefits for the period between September 11, 2008, and January 7, 2011.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. This decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits for the period between September 11, 2008, and January 7, 2011.

SO ORDERED, this __1__ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE